UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

CAMILIA T. TERRY,

    Plaintiff,

vs.

CHRISTOPHER GARNETT, *et al.*,

    Defendant.

Case No. 3:21-cv-174

District Judge Michael J. Newman
Magistrate Judge Peter B. Silvain, Jr

---

**ORDER: (1) DISMISSING PLAINTIFF'S COMPLAINT (Doc. No. 3) WITH PREJUDICE PURSUANT TO 28 U.S.C. §§ 1915(e)(2), 1915A(b); AND (2) TERMINATING THE CASE ON THE DOCKET**

---

This civil case is before the Court for a *sua sponte* review—pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b)—of the complaint filed by *pro se* Plaintiff Camilia T. Terry, an inmate at the Dayton Correctional Institution. This *sua sponte* review is warranted because the Court previously granted Plaintiff's motion for leave to proceed *in forma pauperis*. Doc. No. 3. *Sua sponte* review occurs before issuance of process "so as to spare prospective defendants the inconvenience and expense of answering such [frivolous, malicious, or repetitive] lawsuits." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989) ("a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits").

Plaintiff was convicted in state court of aggravated murder (and other crimes) and sentenced to 31 years to life imprisonment. *Terry v. Jackson*, No. 16-4330, 2017 WL 5664915, at *1 (6th Cir. July 17, 2017).[1] In the instant case, Plaintiff's lengthy *pro se* complaint—

---

[1] The Court takes judicial notice of these historical facts because Plaintiff's state criminal convictions are matters of public court records. *Lyons v. Stovall*, 188 F.3d 327, 333 n.3 (6th Cir. 1999) ("it is well-settled

approximately 80 single-spaced pages containing about 923 paragraphs[2]—names approximately 30 Defendants who allegedly violated her constitutional rights in connection with her state criminal convictions.[3] Doc. No. 1 at PageID 17-25. Her claims arise under 42 U.S.C. §§ 1983, 1985, 1986, and state law. *Id*. at 17-18, 136-66. She seeks to recover compensatory and punitive damages, "and the reversal of her conviction and injunctive relief …." *Id*. at 17, 166.

## I.

In conducting a *sua sponte* review under § 1915(e)(2), a complaint should be dismissed as frivolous if it lacks an arguable basis in law or fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke*, 490 U.S. at 325. A complaint sets forth no arguable factual basis where the allegations are "fantastic or delusional." *Neitzke*, 490 U.S. at 327-28. A complaint presents no arguable legal basis by advancing "indisputably meritless" legal theories, *i.e.*, when the defendant is immune from suit or when the plaintiff claims a violation of a legal interest that clearly does not exist. *Id*.; *see Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000).

Courts may also dismiss a complaint *sua sponte* for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). A claim is plausible where "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. A plausible complaint raises "more than a sheer possibility that a defendant has acted unlawfully." *Id.*

---

that '[f]ederal courts may take judicial notice of proceedings in other courts of record'…." (citation omitted)).
[2] Plaintiff acknowledges a slight paragraph numbering error. Doc. No. 1, PageID 77.
[3] Plaintiff initially lists approximately 30 Defendants in her complaint. Doc. No. 1, PageID 17-24. At the complaint's conclusion, she seeks relief against these 30 Defendants and others, totaling "42 & more [Defendants]." *Id*. at 165.

In conducting an initial review under § 1915, the Court accepts a *pro se* plaintiff's allegations as true and construes them liberally in his or her favor. *Donald v. Marshall*, No. 84-3231, 1985 WL 13183, at *1 (6th Cir. Apr. 5, 1985). However, while *pro se* pleadings are "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*), *pro se* plaintiffs must still satisfy basic pleading requirements. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

## II.

Plaintiff's introduction to the claims in her complaint explains (without correct):

> Plaintiff … alle[]ges that trial counsel; and appellate counsel who acted under the color of state law conspired with one another and various state & federal officials to maliciously prosecute, unlawfully detain/convict; wrongfully imprison; secure conviction; deny constitutional legal redress; opportunity for presentation of constitutional claims; equal access to the courts; due process; and under abuse of process in violation of the 1st; 4th; 5th; 6th; 14th; 8th; & 13th Amendment rights under the United States Constitution. State officials; state police & federal police agents who acted under color of state law conspired with one another; with trial counsel; and various state officials to falsely arrest; maliciously prosecute, deny Miranda rights & rights to counsel; coverup violations; wrongfully imprison & convict; deny equal access to the courts; judicial process relief; legal redress, secure conviction & imprisonment, and under abuse of process in violation of the 1st; 4th; 5th; 6th; 14th; 8th; & 13th Amendment right under the United States Constitution.

Doc. No. 1 at PageID 17-18.

To understand Plaintiff's allegations and claims, her state criminal convictions need further description.

> Following a jury trial, [Plaintiff] Terry was convicted of aggravated murder, murder, felonious assault, endangering children, tampering with evidence, making false alarms, and gross abuse of a corpse. Her case concerned the death of her son Emiliano. After merging most of the counts, the trial court sentenced Terry to a term of imprisonment of thirty years to life for the aggravated murder charge, to run concurrently with a three-year term of imprisonment for the tampering with evidence charge. She also received a one-year term of imprisonment for the abuse of a corpse charge, to run consecutively to her term for aggravated murder, resulting in a total sentence of thirty-one years to life. The Ohio Court of Appeals affirmed

3

on direct appeal.  The Ohio Supreme Court denied Terrys delayed application for leave to appeal.

*Terry*, 2017 WL 5664915, at *1.  After exhausting her state court remedies, Plaintiff sought relief in federal court by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254.  Her petition was denied, the U.S. Court of Appeals for the Sixth Circuit affirmed the denial, and the U.S. Supreme Court denied her petition for a writ of certiorari.  *Terry v. Warden*, No. 1:15 CV 2008, 2016 WL 5477552, at *1 (N.D. Ohio Mar. 3, 2016), *report & recommendation adopted sub nom. Terry v. Jackson*, No. 1:15-cv-2008, 2016 WL 5462968, at *1 (N.D. Ohio Sept. 29, 2016), *affirmed*, 2017 WL 5664915, *cert. denied*, __U.S.__, 138 S.Ct. 561 (2017).

Accepting Plaintiff's allegations as true and liberally construing her *pro se* complaint in her favor, her constitutional claims encounter an insurmountable problem under *Heck v. Humphrey*, 512 U.S. 477 (1994):

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]

*Id*. at 486-87.  Where "a judgment in favor of the plaintiff would necessarily imply the invalidity of his [or her] conviction or sentence ... the complaint must be dismissed."  *Id.* at 487.  Thus, a claim for damages challenging the validity of an existing conviction "is not cognizable under § 1983."  *Id.*

Returning to Plaintiff's complaint, a favorable decision on any of her § 1983 claims would call into question the validity of her state criminal convictions.  Because her convictions have not been overturned or otherwise invalidated, *Heck* bars her § 1983 claims.  *See id.*; *see, e.g., Hayward v. Cleveland Clinic Found.*, 759 F.3d 601, 614 (6th Cir. 2014) ("If Plaintiff were to succeed on an

4

illegal home entry claim, it would render his arrest unlawful and imply the invalidity of his underlying guilty plea for resisting arrest. Therefore, the district court properly denied this claim as barred under *Heck*"); *Parker v. Phillips*, 27 F. App'x 491, 493 (6th Cir. 2001) (holding that, where a "prosecution ends in a conviction, [a plaintiff asserting false imprisonment and malicious prosecution claims] must have the conviction overturned on direct appeal or via collateral attack before any claims can accrue") (citations omitted); *Holland v. Cty. of Macomb*, No. 16-2103, 2017 WL 3391653, at *2 (6th Cir. Mar. 17, 2017).

### III.

Accordingly, Plaintiff's complaint is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e), 1915A(b). For the reasons set forth above, the Court hereby **CERTIFIES**, under 28 U.S.C. § 1915(a)(3), that an appeal of this Order would not be taken in good faith. Consequently, Plaintiff should be denied leave to proceed *in forma pauperis* on appeal.

**IT IS SO ORDERED**.

April 26, 2022                                     s/Michael J. Newman
                                                   Hon. Michael J. Newman
                                                   United States District Judge